IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JACK C. COLLINSWORTH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 05-5103-CV-SW-ODS |
| ) | Crim. No. 01-05023-01-CR-SW-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion (Doc. # 1) is denied.

On March 18, 2002, Movant entered a Plea Agreement and plead guilty to one count of conspiring to manufacture and distribute in excess of 500 grams of a substance or mixture containing methamphetamine. Paragraph 10 of the Plea Agreement states, *inter alia*, that Movant "waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines."

Before sentencing, Movant attempted to withdraw his guilty plea. The Court rejected this effort and sentenced Movant to 235 months imprisonment. Movant appealed the denial of his motion to withdraw his guilty plea, but the Court of Appeals dismissed the appeal due to the waiver contained in the Plea Agreement. United States v. Collinsworth, No. 02-3960 (8th Cir. Dec. 16, 2003).

In this proceeding under 28 U.S.C. § 2255, Movant contends the Court lacked jurisdiction to sentence him to 235 months because the maximum possible sentence was less than 235 months. Although he expressly denies relying on United States v. Booker, 125 S. Ct. 738 (2005) and differentiates his argument by describing it as jurisdictional,

Movant actually (and explicitly) relies on Booker to support his claim that the maximum possible sentence was less than 235 months.

The Government first argues this case must be dismissed based upon the waiver contained in the Plea Agreement. The difficulty is that the waiver expressly allows Movant to attack his sentence directly or collaterally if the sentence exceeds the permitted maximum. Therefore, if Movant's argument is correct on the merits, it would be the type of argument he can present notwithstanding his waiver.

However, Booker does not apply retroactively, nor can it be applied on collateral review. E.g., Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005). Therefore, Movant's request for relief is denied.

IT IS SO ORDERED.

DATE: November 18, 2005

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT